CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 JUN 27 AM 11: 46

DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

NINA AGUILLON                    §
                                 §
V.                               §        CIVIL ACTION NO. 2:16-cv-075
                                 §
CITY OF HEREFORD, TEXAS          §

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Nina Aguillon, Plaintiff, and makes and files this response to Defendant's motion to dismiss and brief in support thereof, and would respectfully show the Court as follows:

1.

The complaint filed by Plaintiff adequately sets forth all of the necessary allegations to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for a cause of action under 42 U.S.C. §1983 for a deprivation of the constitutional right of equal protection of the laws.

2.

### Guidelines for a Motion to Dismiss

The rules regarding a motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure are well established. The court is to construe all facts in the light most favorable to the nonmoving party, "as a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must simply allege sufficient facts to

1

move the claim "across the line from conceivable to plausible." *Id.*. A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft* at 679 (2009).

### Plaintiff's Cause of Action under 42 U.S.C. §1983

The state a Section 1983 claim, the plaintiff must: (1) allege a deprivation of a right secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *James v. Texas Collin County, et al.*, 535 F.3d 365, 373 (5th Cir. 2008). Additionally, to maintain a claim against a municipality, the plaintiff must show that the officials acted in accordance with an official policy or custom. *Id.* at 375. A plaintiff can establish that an action was taken pursuant to an official policy or custom if the plaintiff alleges that the deprivation of rights was inflicted by an official exercising his or her policy making authority. *Tharling v. City of Port Lavaca*, 329 F.3d 422, 427 (5th Cir. 2003).

Plaintiff asserts in her complaint that she suffered a deprivation of her constitutional right to equal protection when Defendant denied her access to its municipal court after Plaintiff complained that she was attacked by a dog she believed was dangerous. Specifically, Plaintiff alleges:

> On April 24, 2014, Plaintiff was attacked by a dangerous dog while she was taking her dog for a walk. The attack occurred at a location several houses away from the location of the house where the dangerous dog was kept by its owners. Pursuant to the laws of the State of Texas and the City of Hereford, Texas, Plaintiff made a complaint to Defendant about the dog and the incident. Pursuant to Chapter 822 of the Texas Health & Safety Code, a hearing in municipal court was required to be held on Plaintiff's complaint. Although a hearing was scheduled for May 5, 2014, the hearing was

summarily and wrongfully cancelled by the City Attorney for Defendant. The hearing was cancelled over the objection of Plaintiff and over the objection of the animal control officer who had worked on the case. The decision to cancel the hearing had no basis in law or fact at the time the decision was made, was arbitrary and capricious, and was made with a conscious indifference to the right of Plaintiff under the well established law of the State of Texas to be allowed to present a complaint about a dangerous dog. Other individuals within the City of Hereford have been afforded the right to have such hearings once they have made a complaint and there was no legal basis for Plaintiff to be denied this right. Plaintiff believes the decision to prevent her from being allowed a hearing was made either because of her race (Hispanic) or socio-economic status in comparison to the race or socio-economic status of the owner of the dog in question, and/or because of a personal relationship/friendship between representatives of Defendant and the dog owner. Whatever the reason, however, Defendant had no right to deny Plaintiff the equal protection of the laws designed to protect Plaintiff and other citizens from attacks by potentially dangerous animals.

*(Complaint, par.6).*

The current case is not a complicated case. The Equal Protection Clause of the Fourteenth Amendment states that no State shall "deny to any person within its jurisdiction the equal protection of the laws." *U.S. Constitution, 14th Amendment*, § 1. Plaintiff alleges in her complaint that Defendant prevented her from presenting a complaint about a dangerous dog under chapter 822 of the Texas Health and Safety Code . Obviously, the refusal of a governmental entity to allow a person access to the courts to address a complaint in accordance with the laws of the state denies the person equal protection of the law. In this case, the City of Hereford, prevented Plaintiff from lawfully pursuing a complaint within the City's municipal court. On this issue, Texas law clearly states as follows in Chapter 822 of the Health & Safety Code:

> Sec. 822.042(c)   If, on application of ***any person***, a justice court, county court or ***municipal court*** finds, after notice and hearing as provided by Section 822.0423, that the owner of a dangerous dog has

3

failed to comply with Subsection (a) or (b), the Court shall order the animal control authority to seize the dog.

Sec. 822.0423(a)  The court, on receiving a report of an incident under 822.0422 *or on an application under Section 822.042(c), shall* set a time for a hearing to determine whether the dog is a dangerous dog...

Sec. 822.0423(c)  *Any interested party*, including the county or city attorney, is entitled to present evidence at the hearing.

Sec. 822.0423(d)  An owner *or person filing the action* may appeal the decision of the municipal or justice court in the manner described by Section 822.0424.

Tex. Health and Safety Code §§822.042(c); 822.0423 (emphasis added).

These sections make it absolutely clear that Plaintiff had an absolute right to a hearing on her application concerning the dog in question.  Moreover, she had the absolute right to present evidence at the hearing and to file an appeal in the event she was not satisfied with the decision of the municipal court.  Defendant, in its motion to dismiss, argues that Plaintiff's Section 1983 claim is insufficient because, according to Defendant, Plaintiff is claiming the defendant failed to prosecute another individual.  Obviously, this argument is wrong since Plaintiff was seeking to be heard in court on her own application, upon which she also had the right to present evidence and to appeal an adverse finding.  Plaintiff alleges she was denied this right by Defendant when its City Attorney unilaterally made the decision to cancel the hearing and dismiss her charge. The Texas Health and Safety does not grant the city attorney the discretion under Section 822.0423 to cancel an applicant's hearing.

Defendant also argues that Plaintiff claim fails because, according to Defendant, Plaintiff did not have a right to a hearing under Section 822.0423 because, according to Defendant, under section

822.0422, the right to a hearing to determine whether a dog is a dangerous dog, applies only to counties with populations in excess of 2,800,000 people. This argument misreads the statute. While Section 822.0423 does provide a method for a hearing under Section 822.0422 for dangerous dogs in large counties, it also provides a method for a hearing on an application under Section 822.042 by a person without any restriction relating to the size of the county. There is absolutely nothing in Section 822.0423 that restricts the ability of a person to have a hearing on their Section 822.042 application based upon the size of the person's county. Simply, put, Plaintiff had the absolute right to a hearing on her application, which right was denied by Defendant. As a result, Defendant's argument fails and the motion to dismiss should be denied.

***Allegation that City Attorney was Final Policymaker***

The complaint filed in this case adequately sets forth all of the necessary allegations to support a Section 1983 cause of action against Defendant for the deprivation of Plaintiff's constitutional right under the fourteenth amendment for equal protection. Moreover, because the complaint alleges that the City Attorney was the final decision-making authority with respect to the decision to cancel the hearing on Plaintiff's application, the decision to deny Plaintiff access to the municipal court resulted from the official policy of the City of Hereford subjecting it to liability under 42 U.S.C. §1983. Defendant argues that Plaintiff's complaint on this point, which states that "the decision to not conduct the hearing was made by the City Attorney for Defendant who was the official for the Defendant with final policy making authority with regard to the decision to prevent Plaintiff from pursuing her complaint in municipal court and, thus, the decision to cancel the hearing resulted from the official policy of Defendant," is insufficient to state a claim that the city attorney was the official policymaker for Defendant. This argument is wrong.

5

On this point, Defendant argues incorrectly that the statement in Plaintiff's complaint is conclusory and does not contain sufficient facts to support Plaintiff's claim. The allegation in question is a simple factual statement that the City Attorney who cancelled the hearing was the final policymaker for that decision. It is a simple factual allegation that requires no further enhancement. Sometimes, a factual claim can be stated in simple terms. For example, it is sufficient to assert a claim that the color of the sky is blue by simply stating, "the sky is blue." Likewise, it is sufficient to assert a claim that a person is a final policymaker for an entity by simply stating the fact that the person was the final policy maker.

The Federal Rules of Civil Procedure require that "a pleading that states a claim for relief must contain: ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The appendix of forms adopted and attached to the Federal Rules of Civil Procedure were established to give guidance to parties on how to comply with the pleading requirements set out in the rules. See Fed. R. Civ. P. Appendix. With regard to the manner of making a "short and plain statement of the claim," the forms are quite illustrative. For example, the form demonstrating how to make a short and plain statement of a claim in a negligence complaint states simply that "On *date*, at *place*, the defendant negligently drove a motor vehicle against the plaintiff." Fed. R. Civ. P. Appendix of Forms Form 11. The form does not direct the plaintiff to state in the complaint the particular facts showing the manner in which the defendant was negligent.

Likewise, the form for stating a short and plain statement of a claim for conversion directs the plaintiff to state "on *date* at *place*, the defendant converted to the defendant's own use property owned by the plaintiff. The property converted consists of *describe*." Fed. R. Civ. P. Appendix of Forms Form 15. The form does not direct the plaintiff to specify facts showing how or why the

6

defendant converted the property nor does it direct the plaintiff to state facts showing the basis for the plaintiff's claim in the property.

Clearly, neither of the above forms requires a lengthy statement of facts detailing the basis of the claims. Additionally, neither of the forms are ancient and inapplicable to modern litigation. In fact, both forms became effective on December 1, 2007, after the Supreme Court's decision in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007). The purpose of Fed. R. Civ. P. 8(a)(2) is to give the defendant notice of the claim being asserted against it and this can be accomplished in most cases, including the present case, by a complaint that complies with the forms contained in the appendix to the Federal Rules of Civil Procedure.

In the present case, the statement in Plaintiff's complaint that the City Attorney was Defendant's final policymaker on the question of whether to conduct a hearing is sufficient to furnish notice to Defendant of the claim Plaintiff is asserting. Plaintiff is not alleging that there was a policy or custom adopted or followed by the city's legislative body that prevented Plaintiff from pursuing her claim. Instead, she alleges simply that the Defendant's final decision maker on this issue, the City Attorney, made the decision that deprived Plaintiff of her constitutional rights and, that, as a result, the decision constitutes final policy of Defendant. It's not a complex allegation and does not require lengthy verbage. Defendant is free to create a factual dispute by putting forth evidence that the City Attorney was not the final policymaker on this issue. If Defendant is unclear about the allegation, it can also file a motion for a more definite statement. However, the allegation is sufficient to survive Defendant's motion to dismiss. Therefore, the motion to dismiss filed by Defendant should be denied.

WHEREFORE, Plaintiff prays that Defendant's motion to dismiss be denied in all respects.

Alternatively, in the event the Court finds the complaint is in any way deficient, Plaintiff requests an opportunity to amend her complaint to correct any defects.  Plaintiff also requests such other and further relief to which she may be justly entitled.

Respectfully Submitted,

JOHNSTON & MILLER
Attorneys at Law
1212 13th Street, Suite 101
Lubbock, Texas 79401
Phone:  (806) 785-1499
Fax:      (806) 762-6901
Email:  jcraig@nts-online.net

By: _____
J. Craig Johnston
State Bar No. 00787784

ATTORNEYS AT LAW

8

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of this document has been served on this

the *27th* day of *June*_____, 2016, as follows:

       Lee Ann Reno
       Sprouse, Shrader, Smith, PLLC
       P.O. Box 15008
       Amarillo, TX 79105-5008

(via USDC efiling notice)

_____
J. Craig Johnston