UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NINA AGUILLON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:16-cv-075-J |
| | § | |
| CITY OF HEREFORD, TEXAS, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT THE CITY OF HEREFORD'S MOTION FOR SUMMARY JUDGMENT
AND BRIEF IN SUPPORT**

Respectfully submitted,

SPROUSE SHRADER SMITH PLLC
Lee Ann Reno, Texas State Bar No. 00791509
Leeann.Reno@sprouselaw.com
Alex L. Yarbrough, Texas State Bar No. 24079615
Alex.Yarbrough@sprouselaw.com
701 S. Taylor, Suite 500
P. O. Box 15008
Amarillo, Texas79105-5008
(806) 468-3300; (806) 373-3454 fax


/s/ Lee Ann Reno
Lee Ann Reno

ATTORNEYS FOR DEFENDANT
CITY OF HERFORD

# **Table of Contents**

Page

I.      Summary .................................................................................................................... 2

II.     Summary Judgment Evidence and Factual Grounds ............................................. 2

III.    Summary of Elements of Each Claim and Legal Grounds for Summary Judgment ............. 3

IV.     Plaintiff has no cognizable interest in the prosecution of another. ........................................ 3

V.      The Plaintiff is not entitled to a hearing pursuant to Chapter 822 of the Texas Health and Safety Code. ................................................................................................................... 6

VI.     The City is entitled to summary judgment with respect to Plaintiff's equal protection claim. 8

VII.    The City is entitled to summary judgment with respect to Plaintiff's claim for relief against the City under 42 U.S.C. § 1983. ............................................................................... 10

   A.   Municipal liability under Section 1983............................................................... 10

   B.   Plaintiff fails to plead the identity of the City's final policymaker. ................................ 12

   C.   There is not an offending City custom having the force of official City policy. .............. 14

   D.   There is no evidence of moving force causation. ............................................................ 14

   E.   There is no evidence of deliberate indifference. ............................................................ 16

   F.   There is no evidence of direct causal link. ..................................................................... 17

     i.    There is no evidence of any constitutional violation to link to any policy. ................... 18

     ii.   There is no evidence any official policy or custom directly caused any violation. ........ 19

   G.   The City is entitled to summary judgment because there is no evidence of any constitutionally inadequate City policy ................................................................................. 19

VIII.   The Plaintiff's claim for denying a hearing is frivolous, and the City is entitled to attorney's fees. 20

IX.     Summary Judgment Standard ............................................................................... 20

X.      Conclusion .............................................................................................................. 22

# Table of Authorities

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ..................................................................... 21, 22

*Bd. of the County Comm'rs v. Brown*,
  520 U.S. 397 (1997) ........................................................ 10, 15, 16, 17

*Becerra v. Asher*,
  105 F.3d 1042 (5th Cir. 1997) ............................................................ 18

*Beeler v. Rounsavall*,
  328 F.3d 813 (5th Cir. 2003) ............................................................... 9

*Bio Rep, Inc. v. Johnson*,
  1994 WL 424338 (E.D. La. 1994) ........................................................ 4

*Bolton v. City of Dall. Tex.*,
  541 F.3d 545 (5th Cir. 2008) ............................................................. 12

*Brown v. Lyford*,
  243 F.3d 185 (5th Cir. 2001) ............................................................. 18

*Celotex Corp. v. Catrett*,
  477 U.S. 317, 106 S. Ct. 2548, 2554 (1986) ....................................... 21

*Christiansburg Garment Co. v. EEOC*,
  434 U.S. 412 (1978) .......................................................................... 20

*City of Canton v. Harris*,
  489 U.S. 378 (1989) ................................................................ 15-16, 20

*City of L.A. v. Heller*,
  475 U.S. 796 (1986) .......................................................................... 18

*Connick v. Thompson*,
  563 U.S. 51, 131 S. Ct. 1350 (2011) .................................................. 15

*De Angelis v. City of El Paso*,
  265 F. App'x 390 (5th Cir. 2008) ...................................................... 17

*Doe v. Rains Cty. Indep. Sch. Dist.*,
  66 F.3d 1402 (5th Cir. 1995) ............................................................... 9

*Douglass v. United Servs. Auto. Ass'n*,
  79 F.2d 1415 (5th Cir. 1996) ............................................................. 21

*Estate of Davis ex rel. McCully v. City of N. Richland Hills,*
    406 F.3d 375 (5th Cir. 2005) ............................................... 11

*Fontenot v. Upjohn Co.,*
    780 F.2d 1190 (5th Cir. 1986) ............................................. 20

*Fraire v. Arlington,*
    957 F.2d 1268 (5th Cir. 1992) ............................................. 21

*Gonzalez v. Ysleta Indep. Sch. Dist.,*
    996 F.2d 745 (5th Cir. 1993) ............................... 16, 17, 19

*Hughes v. Rowe,*
    449 U.S. 5 (1980) .................................................................. 20

*Jett v. Dall. Indep. Sch. Dist.,*
    7 F.3d 1241 (5th Cir. 1993) ........................................ 12, 13

*Jett v. Dall. Indep. Sch. Dist.,*
    491 U.S. 701, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989) ................... 13

*Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force,*
    379 F.3d 293 (5th Cir. 2004) ............................................. 15

*Johnson v. Rodriguez,*
    110 F.3d 299 (5th Cir. 1997) ............................................... 9

*Little v. Liquid Air Corp.,*
    37 F.3d 1069 (5th Cir. 1994) ............................................. 21

*Linda R.S. v. Richard D.,*
    410 U.S. 614 (1973) .............................................................. 4

*Matsushita Elec. Indus. v. Zenith Radio Corp.,*
    475 U.S. 574 (1986) ............................................................ 21

*McCleskey v. Kemp,*
    481 U.S. 279 (1987) .............................................................. 9

*McKee v. Rockwall,*
    877 F.2d 409 (5th Cir. 1989) ............................................... 5

*Middlesex Cty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n,*
    453 U.S. 1 (1981) .................................................................. 9

*Monell v. Dep't of Soc. Servs.,*
    436 U.S. 658 (1978) ............................................................ 18

*Okla. City v. Tuttle,*
    471 U.S. 808 (1985) ............................................................ 20

*Pembaur v. City of Cincinnati,*
  475 U.S. 469, 106 S. Ct. 1292 (1986) ........................................................... 13, 19

*Piotrowskiv. Hous. v. City of Hous.,*
  237 F.3d 567 (5th Cir. 2001) ...................................................................... passim

*Rogers v. Nolan County,*
  No. 1:03-CV-0116, 2004 WL 1698202 (N.D. Tex. July 28, 2004) ....................................... 18

*SEC v. Recile,*
  10 F.3d 1093 (5th Cir. 1993) ...................................................................... 21, 22

*Snyder v. Trepagnier,*
  142F.3d 791 (5th Cir. 1998) ....................................................................... 15

*Spiller v. City of Tex. City, Police Dep't,*
  130 F.3d 162 (5th Cir. 1997) ....................................................................... 17

*State Farm Life Ins. Co. v. Gutterman,*
  896 F.2d 116 (5th Cir. 1990) ....................................................................... 21

*Thompson v. Upshur County,*
  245 F.3d 447 (5th Cir. 2001) ....................................................................... 17

*Topalian v. Ehrman,*
  954 F.2d 1125 (5th Cir. 1992) ...................................................................... 22

*United States v. Molina,*
  530 F.3d 326 (5th Cir. 2008) ....................................................................... 18

*Washington v. Armstrong World Indus.,*
  839 F.2d 1121 (5th Cir. 1988) ...................................................................... 21

*Webster v. Houston,*
  735 F.2d 838 (5th Cir. 1984) .................................................................... 11, 13

*Zarnow v. City of Wichita Falls, Texas,*
  614 F.3d 161 (5th Cir. 2010) ....................................................................... 17

**Statutes**

42 U.S.C. § 1983 (2012) ................................................................................ 9

**Other**

Fed. R. Civ. P. 56(c) ................................................................................. 20

Fed. R. Civ. P. 56(e) ................................................................................. 21

U.S. Const. amend. XIV, § 1 ............................................................................. 9

Texas Health and Safety Code Chapter 822……………………………………………...…passim

TO THE HONORABLE COURT:

Plaintiff alleges she made a complaint to the City of Hereford (the "City") regarding a dog attack, and the City cancelled a hearing related to her complaint.  Plaintiff alleges canceling the hearing constituted a denial of equal protection of the laws.  Summarily, as shown below, Chapter 822 of the Texas Health and Safety Code (the "Code") provides for a hearing in only two different scenarios.  Plaintiff clearly does not meet either scenario.  The following chart summarizes the pathway to a hearing pursuant to the Code and why Plaintiff's claims fail:



## I.      Summary

This case arises out of an incident that occurred on or about May 5, 2014. Plaintiff alleges that on April 24, 2014, she was attacked by a dangerous dog while she was taking her dog for a walk in the city.   Plaintiff alleges she made a complaint to the City regarding the dog and a hearing was scheduled on May 5, 2014, pursuant to Chapter 822 of the Texas Health & Safety Code, to determine if the dog was dangerous.   Over Plaintiff's objection, the hearing was cancelled. Plaintiff's complaint against the City is that the City "denied Plaintiff the equal protection of state laws by arbitrarily discriminating against Plaintiff when it prevented her from having the hearing on her complaint."   In essence, Plaintiff is complaining that the City failed to prosecute. However, as outlined below, the United States Supreme Court has established that there is no constitutional right or interest in the prosecution of another. Additionally, by law, Plaintiff was not entitled to a hearing to determine if the dog was dangerous because Plaintiff did not suffer serious bodily injury. Further, Plaintiff cannot produce evidence to establish, or create a genuine issue of material fact, that she was treated differently than another individual similarly situated. Finally, Plaintiff can only point to this single isolated incident, which does not rise to the level of a custom, practice or policy necessary to establish municipal liability. Consequently, all of Plaintiff's claims fail, and Defendant is entitled to summary judgment.

## II.      Summary Judgment Evidence and Factual Grounds

As competent evidence in support of this summary judgment motion, the City relies on the pleadings and the exhibits and affidavits produced in the appendix in support of this motion, filed with the Court in conjunction with this brief.   The facts asserted in those documents are incorporated by reference as if recited verbatim herein and establish the factual grounds for summary judgment in favor of the City.   Specific cites to the record herein further identify the

competent summary judgment evidence and the specific factual grounds on which the City relies to show it is entitled to summary judgment as a matter of law.

**III.     Summary of Elements of Each Claim and Legal Grounds for Summary Judgment**

1.  Plaintiff asserts claims for municipal liability under § 1983. Plaintiff has no evidence, or has insufficient evidence as a matter of law, to show that a policymaker adopted and maintained any policy or had constructive knowledge of a widespread pattern of customs or practices of failing to prosecute individuals and denying hearings that were unconstitutional or so inadequate as to amount to deliberate indifference, and that these inadequacies were the moving force of the constitutional violations Plaintiff alleges.

2.  Plaintiff asserts that the City violated her equal protection rights by denying her a hearing:

    a.  Plaintiff's claim fails as a matter of law because a person has no cognizable interest in the prosecution of another;

    b.  Plaintiff is not entitled to a hearing under the Code;

    c.  The Plaintiff has no evidence of any equal protection right violation; and

    d.  The Plaintiff's claim is frivolous.

3.  There was no custom, practice, or policy of the City that was a moving force behind Plaintiff's alleged constitutional violations.

**IV.     Plaintiff has no cognizable interest in the prosecution of another.**

Plaintiff contends that because the City did not hold a hearing regarding the dog that attacked her, her Constitutional rights were violated. Her claim is essentially that the City failed to prosecute the owner of the allegedly dangerous dog. This issue has been previously addressed

by the United States Supreme Court, as well as the lower courts. Prior jurisprudence uniformly establishes that a person "has no cognizable interest in the prosecution of another." *Bio Rep, Inc. v. Johnson,* 1994 WL 424338 (E. D. La. 1994). While the Constitution guarantees that the people shall have access to the courts, "it is clear that access to the courts does not include the right to the criminal prosecution of another." *Id.* at *2.

The United States Supreme Court addressed this issue in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). At issue in *Linda R.S.* was a Texas criminal statute that subjected any parent who failed to pay support for his children to criminal prosecution. Plaintiff was the mother of an illegitimate child who sought to have the statute declared unconstitutional because it had been consistently construed by the Texas courts only to apply to the parents of legitimate children. The statute imposed no duty of support on parents of illegitimate children. The Federal District Court dismissed the action for lack of standing. The plaintiff appealed, and the United States Supreme Court granted certiorari holding that the plaintiff lacked standing to challenge the statute. *Linda R.S.* at 617. Justice Marshall, in his opinion for the majority, stated:

> The Court's prior decisions consistently hold that a citizen lacks standing to contest the policies of a prosecuting authority when he himself is neither prosecuted nor threatened with prosecution ... [a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.

*Id.* at 618.

The Fifth Circuit reiterated the Supreme Court's interpretation of the law regarding this issue in *McKee v. City of Rockwall,* 877 F.2d 409 (5th Cir.1989), *cert. denied*, 493 U.S. 1023, 110S.Ct. *727*, 107 L. Ed. 2d 746 (1990). McKee brought an action pursuant to 42 U.S.C. § 1983 (2012) against the Rockwell City Police Department after she was injured as a result of the officers' refusal to make an arrest following a domestic disturbance. Plaintiff claimed that she had been assaulted. The police officer declined to arrest the alleged perpetrator. After the police

left the scene, the perpetrator found the plaintiff and slashed her leg with a knife. The Fifth

Circuit Court opined that "even if the officers could have arrested the perpetrator they were not

under any constitutional obligation to do so." *Id.* § 414. The court further stated that the plaintiff

could only sustain her claim pursuant to 42 U.S.C. § 1983 by showing that the officers were

justified in making an arrest, and "that the non-arrest was the result of discrimination against a

protected class." *Id.* In affirming the District Court's summary judgment in favor of the

defendant, the court stated:

> [a]bsent any evidence of discriminatory policy, the only reasonable construction
> of the officers' action in this case is that they decided that McKee's complaint
> did not warrant any further response than what they gave. As DeShaney makes
> clear, this judgment is not actionable.

Id. at 416 (citing DeShaney v. Winnebago County Dept. of Soc. Services, 489 U.S. 189, 109

S.Ct. 998, 103 L.Ed.2d 249 (1989)).

*Linda R.S.* and *McKee*, *supra,* are both analogous to the case at bar. Plaintiff alleges that

her constitutional rights were violated due to the failure of the City to prosecute the owner of the

dog that attacked her, just as the plaintiffs in both *Linda R.S.* and *McKee* alleged constitutional

violations for the failure of government officials to arrest and/or prosecute an alleged perpetrator.

In both cases, the courts found no violation of the plaintiffs' constitutional rights. The applicable

jurisprudence clearly expresses that Plaintiff in this matter has no cognizable interest in the

prosecution of the owner of the dog and as such, no violation of Plaintiff's rights occurred.

Consequently, any claim for failure to prosecute fails as a matter of law, and the City is entitled

to summary judgment.

**V.     The Plaintiff is not entitled to a hearing pursuant to Chapter 822 of the Texas Health and Safety Code.**

First, as outlined above, Plaintiff has no constitutional right in the prosecution of another. Even if Plaintiff did have a constitutional right in the prosecution of another, the Plaintiff's claim that the City failed to conduct a hearing pursuant to Chapter 822 of the Texas Health and Safety Code is subject to summary judgment because pursuant to the Code, Plaintiff is not entitled to a hearing.

The Code provides for a hearing in two different scenarios.  First, a hearing shall happen if death or serious bodily injury to the complainant occurs.  *See* TEX. HEALTH AND SAFETY CODE § 822.002(a)(1) and (2); § 822.003.   Importantly, Plaintiff admits she did not suffer serious bodily injury.[1]

Second, a hearing is provided under the Code pursuant Section 822.0423.   Section 822.0423 provides:

> the court, on receiving a report of an incident under Section 822.0422[2] or on application under Section 822.042(c), shall set a time for a hearing to determine whether the dog is a dangerous dog or whether the owner of the dog has complied with Section 822.042.

In responding to the City's Motion to Dismiss and responding to the City's discovery requests, Plaintiff alleges that she is entitled to a hearing under Section 822.042.  However, that section provides the requirements for the owners of a dangerous dog.  In fact, the title of Section

---

[1] Request for Admissions No. 5. Admit that you did not suffer serious bodily injury from the alleged dog attack.  Response: Admit.  APPX 3.

[2] In responding to discovery, Plaintiff did not allege Section 822.0422 was violated.  *See* Footnote 3.

822.042 is "REQUIREMENTS FOR OWNER OF DANGEROUS DOG." Section 822.042

provides:

> REQUIREMENTS FOR OWNER OF DANGEROUS DOG.
> (a)  Not later than the 30th day after a person learns that the person is the owner of a dangerous dog, the person shall:
>> (1)  register the dangerous dog with the animal control authority for the area in which the dog is kept;
>> (2)  restrain the dangerous dog at all times on a leash in the immediate control of a person or in a secure enclosure;
>> (3)  obtain liability insurance coverage or show financial responsibility in an amount of at least $100,000 to cover damages resulting from an attack by the dangerous dog causing bodily injury to a person and provide proof of the required liability insurance coverage or financial responsibility to the animal control authority for the area in which the dog is kept;  and
>> (4)  comply with an applicable municipal or county regulation, requirement, or restriction on dangerous dogs.
>
> (b)  The owner of a dangerous dog who does not comply with Subsection (a) shall deliver the dog to the animal control authority not later than the 30th day after the owner learns that the dog is a dangerous dog.
>
> (c)  If, on application of any person, a justice court, county court, or municipal court finds, after notice and hearing as provided by Section 822.0423, that the owner of a dangerous dog has failed to comply with Subsection (a) or (b), the court shall order the animal control authority to seize the dog and shall issue a warrant authorizing the seizure.  The authority shall seize the dog or order its seizure and shall provide for the impoundment of the dog in secure and humane conditions.

Clearly, Plaintiff is not entitled to a hearing. Plaintiff's allegation in her Complaint was that she

was denied the right to make a complaint concerning a dog she **thought** was dangerous.

However, according to Plaintiff's response to the City's Motion to Dismiss and Plaintiff's

response to the City's discovery requests, she now alleges that she was denied the right to make a

complaint about a dog that was already **determined** to be dangerous.[3]  Moreover, a complaint under Section 822.042 is limited to an allegation that an owner of a dangerous dog did not (1) register the dangerous dog with animal control, (2) retrain the dangerous dog, (3) obtain liability insurance, and (4) comply with applicable municipal regulations or restrictions.  Summarily, a complaint under Section 822.042 is very limited and is only applicable if a dog is already considered a dangerous dog.  That is simply not the situation in this case. *See* Affidavit of Marcie Grooms, APPX 11-12.

There are no allegations in Plaintiff's Complaint that the dog in question was already determined to be a dangerous dog.  There is no evidence that the dog in question was already determined to be a dangerous dog.  Finally, the owner of the dog in question, Marcie Grooms, affirmatively states that the dog in question has never been determined to be a dangerous dog. APPX 11. Mrs. Grooms confirms that she has never been asked to obtain liability insurance or comply with applicable municipal regulations or restrictions. *Id.* Accordingly, Plaintiff is not entitled to a hearing, and the City is entitled to summary judgment.

## VI.     The City is entitled to summary judgment with respect to Plaintiff's equal protection claim.

Plaintiff alleges that by failing to prosecute the owner of the dog and denying Plaintiff a hearing, the City violated the Plaintiff's equal protection rights.  *See Plaintiff's Complaint,* ¶ 7.

---

[3] Interrogatory No. 7 summarily asked Plaintiff what statute or rule the City violated.  Plaintiff answered the following: "Defendant prevented me from pursing a complaint and presenting evidence at a hearing in municipal court on the issue of whether the dog that attacked me was a dangerous dog.  The law violated by Defendant is located in Chapter 822 of the Texas Health & Safety Code and includes Section 822.042 and Sections 822.0423."APPX 9.

Section 1983 redresses deprivation of rights created by the Constitution or federal statute. *See Middlesex Cty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981). The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must show (1) a violation of rights secured by the Constitution or laws of the United States; and (2) the alleged deprivation was committed by a person acting under color of state law. *Doe v. Rains Cty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV § 1. To prevail on an equal protection claim, a plaintiff must demonstrate that (1) he and another person or class were similarly situated, and (2) he was treated differently. *Beeler v. Rounsavall*, 328 F.3d 813 (5th Cir. 2003). The Equal Protection clause protects only against purposeful discrimination. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987). To establish an equal protection claim, a plaintiff must "prove 'the existence of purposeful discrimination' motivating the state action which caused the complained of injury." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997).

Plaintiff's equal protection claims fail as a matter of law because Plaintiff's Complaint does not allege facts to establish the essential elements of this claim. The only particularized facts attributed to the City are contained on page 2 of Plaintiff's Complaint. Specifically,

Plaintiff alleges that the City violated her equal protection rights by denying her a hearing pursuant to her complaint about an allegedly dangerous dog. As an initial matter, as outlined above, the Code does not provide a right to a hearing under Plaintiff's facts. As a result, Plaintiff's equal protection claims against the City should be dismissed as a matter of law.

In any event, even when viewed in the light most favorable to Plaintiff, Plaintiff's equal protection claim still fails. First, Plaintiff has failed to allege that she and another person were similarly situated or that Plaintiff was treated differently. For example, there is no allegation that the City failed to prosecute another set of owners of allegedly dangerous dogs. Second, Plaintiff cannot produce evidence to establish, or create a genuine issue of material fact, that she was treated differently than another individual similarly situated. Third, Plaintiff cannot produce evidence, or create a genuine issue of material fact, which shows that the City's alleged actions were motivated by purposeful discrimination. Plaintiff therefore has not alleged, and cannot establish, a constitutional injury. Plaintiff's equal protection claim on this ground therefore fails, and the City is entitled to summary judgment.

**VII.   The City is entitled to summary judgment with respect to Plaintiff's claim for relief against the City under 42 U.S.C. § 1983.**

*A. Municipal liability under Section 1983*

A plethora of cases have expounded upon the standards for imposing liability on a municipality under Section 1983. It is well-settled that a municipality cannot be liable under a theory of *respondeat superior. Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). Isolated unconstitutional actions by municipal employees will almost never trigger municipal liability. *Id.* (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)). Rather, and as the Fifth Circuit emphasized in *Piotrowski,* to hold the City liable under Section 1983 a plaintiff must establish

that an "official policy" of the municipality–and not the policy of an individual city official–was the "moving force" and actual cause of the loss of constitutional rights and any resultant harm. *Piotrowski*, 237 F.3d at 578.

The Fifth Circuit reiterated in *Piotrowski* that, while official policy "is ordinarily contained in duly promulgated policy statements, ordinances, or regulations," it may arise from a *custom*, previously defined by the Fifth Circuit in *Webster v. City of Houston* as

> a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy.

*Piotrowski*, 237 F.3d at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)).

However, it is not sufficient that a plaintiff simply offer the raw assertion that there was a custom having the force of municipal policy. *Piotrowski* requires the plaintiffs to specifically identify the official policy (custom) that is alleged to have caused the constitutional harm:

> It follows that that each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional.

*Id.* at 579-80.

Absent a facially unconstitutional policy or custom, municipal liability under Section 1983 can only arise from a custom having the force of official policy if the municipal policymakers were deliberately indifferent to the "'known or obvious consequences' that constitutional violations would result" from the custom. *Piotrowski*, 237 F.3d at 579. Countless Fifth Circuit decisions have explained that deliberate indifference imposes a strict standard of fault. For example, in *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375 (5th Cir. 2005), the Fifth Circuit stated that "[f]or an official to act with deliberate indifference,

the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 381 (citing *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (internal quotation marks and citations omitted)). Thus, a sufficient complaint must provide adequate "factual content" to make deliberate indifference by the City's official policymakers not merely conceivable, but plausible in the context of the facts alleged.

B. *Plaintiff fails to plead the identity of the City's final policymaker.*

The first of the three requirements for municipal liability under Section 1983 is a policymaker. *Piotrowski*, 237 F.3d at 578. As the Fifth Circuit stated pointedly in *Piotrowski*, "several Supreme Court cases have discussed the policymaker criterion for municipal liability." *Id.* at 579.

"[The court's] analysis must also take into account the difference between final decision making authority and final policymaking authority, a distinction that this circuit recognized as fundamental[.] . . . [D]iscretion to exercise a particular function does not necessarily entail final policymaking authority over that function." *Bolton v. City of Dallas*, 541 F.3d 545, 548-49 (5th Cir. 2008) (per curiam) (citations omitted); *see also Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1247 (5th Cir. 1993) (explaining distinction between final policymaking authority and mere decision making).In the context of Section 1983 claims, the Supreme Court has emphasized that courts must be sensitive to the distinction between decision makers and final policymakers.

> Municipal liability attaches only where the decision maker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986) (internal citations omitted); *see also Jet*t, 7 F.3d at 1246 ("In Pembaur and Praprotnik the Court carefully distinguished between those having mere decision making authority and those having policymaking authority.").

Policymaking authority requires more than a showing of mere discretion or decision making authority on the part of the official. *Webster*, 735 F.2d at 841. If the governing body chooses to delegate policymaking authority to a city official, it does so in either of two ways. *Bennett*, 728 F.2d at 769. It may delegate policymaking power by an express statement, job description, or other formal action; or it may, by its conduct or practice, encourage or acknowledge the agent in a policymaking role. *Id.* In essence, the governing body must expressly or impliedly acknowledge that the agent acts in lieu of the governing body to set goals and to structure and design the area of the delegated responsibility, subject only to the power of the governing body to control finances and to discharge or curtail the authority of the agent. *Webster*, 735 F.2d at 841. Whether an official has been delegated final policymaking authority is a question of law for the judge, not a question of fact for the jury. *See Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989).

Plaintiff's Complaint fails to identify the City's *final policymaker*. In paragraph 7, Plaintiff refers to the City Attorney as "the official for the Defendant with final policymaking authority with regard to the decision to prevent Plaintiff from pursing her complaint." However, this is nothing more than an allegation that the City Attorney had final "decision making" authority, not final policymaking authority. While Plaintiff may have technically alleged final "policymaking in conclusory statements," her pleaded facts show that she is actually alleging final "decision making" authority. Additionally, Plaintiff wholly fails to provide any state or

local law or evidence of custom that would allow this Court to conclude as a matter of law that the City Attorney is the individual with final "policymaking" authority with respect to the City's Municipal Court.  Accordingly, the City is entitled to summary judgment.

C.  *There is not an offending City custom having the force of official City policy.*

The second of the three requirements for municipal liability under Section 1983 is the existence of an official municipal policy. *Piotrowski*, 237 F.3d at 578. Plaintiff pleads the following vague and conclusory assertion regarding the City's policies and customs:

> 7. Defendant's conduct in preventing Plaintiff from having access to the court to present her complaint as required under Chapter 822 of the Texas Health and Safety Code violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because Defendant denied Plaintiff the equal protection of state laws by arbitrarily discriminating against Plaintiff when it prevented her from having the hearing on her complaint.  The decision to not conduct the hearing was made by the City Attorney for Defendant who was the official for the Defendant with final policy making authority with regard to the decision to prevent Plaintiff from pursing her complain in municipal court, and thus, the decision to cancel the hearing resulted from the official policy of Defendant.

Plaintiff's Original Complaint, ¶ 7.

Plaintiff fails to identify *any* written policy that is facially unconstitutional. Likewise, Plaintiff also fails to plead any *facts* on which this Court could make a reasonable inference of a City custom. There is simply no evidence to support this allegation.

D.  *There is no evidence of moving force causation.*

To avoid summary judgment, Plaintiff must also have evidence that would prove the third element of municipal liability – that the City's unconstitutional official policy or widespread custom of denying hearings was the moving force behind or cause of the violations Plaintiff alleges.  As for the third element of causation, it actually involves both culpability and causation. Thus, for a plaintiff to show proof of "moving force causation" he must (1) show "that the

municipal action was taken with the requisite degree of culpability and (2) must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397 at 404 (1997). To establish the requisite culpability and causation, a plaintiff "must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id*. at 411.

Proof of "moving force" causation with regard to official policy or custom requires a plaintiff to show that a policy maker intentionally adopted and maintained policies that were objectively deliberately indifferent, i.e., that an official policy or custom violated federal law on its face or authorized or directed the deprivation of federal rights, or, that the policy or custom was adopted or maintained by the policymaker with deliberate indifference or disregard to its known or obvious consequences. *See Brown*, *Bd. of the County Comm'rs*, 520 U.S. at 406-07, *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004). "municipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by [the relevant] officials …." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1360 (2011)(citing *Bd. of the County Comm'rs*, 520 U.S. at 409); *see also id*. at 1367 (Scalia and Alito, JJ., concurring opinion). Proof of moving force causation requires a plaintiff to show that the municipality's failure to adequately train or supervise its employees demonstrates a deliberate or conscious choice to jeopardize the plaintiff's constitutional rights. *Snyder v. Trepagnier*, 142F.3d 791, 799 (5th Cir. 1998); *City of Canton*, 489 U.S. at 389 ("the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.").

E. *There is no evidence of deliberate indifference.*

Deliberate indifference is a high standard, and it cannot be satisfied by a showing of simple or even heightened negligence. *See Brown*, *Bd. of the County Comm'rs*, 520 U.S. at 407. "Deliberate indifference" is a "stringent standard of fault" that requires proof that a municipal act or disregarded a known or obvious consequence of his action." *Id.* at 410; *Piotrowskiv. Hous.*, 237 F.3d at 579. It requires more than proof of an unintentionally negligent oversight. *See City of Canton*, 489 U.S. at 389. In additional, isolated incidents are not the persistent, often repeated and constant violations that are usually necessary to show a custom or policy for purposes of government entity liability under § 1983. *See Bennett*, 728 F.2d at 768 n.3. "[P]roof of an inadequate policy, without more, is insufficient to meet the threshold requirements of § 1983." *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 757 (5th Cir. 1993).

As for the City's official policies, as shown above, there is no evidence that the City actually knew or had constructive knowledge of any inadequacy in its official policies that was likely to lead to the violations Plaintiff alleges.

As for a custom or policy, as shown above, Plaintiff has only her allegations, but no specific facts, to establish that any of the conduct she complains of was a custom or practice of the City's, much less a widespread one. The salient and undisputed fact remains that, prior to the violations Plaintiff alleges in this lawsuit, there is no evidence of any prior pattern of similar constitutional violations. More importantly, for purposes of establishing deliberate indifference, Plaintiff has no evidence that the City was aware of and deliberately allowed a pattern of constitutional violations such as Plaintiff alleges to occur, much less continue, without addressing it.

Proof of a single incident is usually insufficient to hold the governmental entity liable. Rather, Plaintiff must demonstrate at least a pattern of similar incidents of the violation they claim in order to establish liability under § 1983. *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001). This is necessary, because, even if the City's actions could be shown to be deficient in some way, without actual or constructive awareness of the deficiencies and that the deficiencies had led or would likely lead to the constitutional violations Plaintiff alleges, the City cannot be liable, since "'[u]nintentionally negligent oversight' does not satisfy the deliberate indifference standard.'" *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 170 (5th Cir. 2010) (*citing Gonzalez*, 996 F.2d at 756).

F.   *There is no evidence of direct causal link.*

The linkage between an allegedly inadequate policy or custom and the particular injury alleged must be carefully tested by a court. *Brown*, *Bd. of the County Comm'rs*, 520 U.S. at 405; *see also De Angelis v. City of El Paso*, 265 F. App'x 390, 394 (5th Cir. 2008) ("[C]ase law generally requires a close nexus between a policymaker's decision and the constitutional violation"). Moreover, the description of a policy or custom and its relationship as the moving force behind the underlying constitutional violation cannot be conclusory; it must contain specific facts. *See Spiller v. City of Tex. City, Police Dep*'t, 130 F.3d 162, 167 (5th Cir. 1997). No careful testing is required in order to determine that Plaintiffs surely fail the "linkage" test for the simple reason that they have failed, as shown above, to clearly describe any unconstitutional official policy, policymaker's decision or widespread custom, much less show any evidence of deliberate indifference, all of which is necessary to directly link the City to the violations she alleges for purposes of municipal liability under § 1983.

i.   *There is no evidence of any constitutional violation to link to any policy.*

In order to succeed on their claim for municipal liability, a plaintiff must be able to show that one of the municipality's employees violated his civil rights as a result of a policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Thus, regardless of any inadequate policy or custom, a municipality cannot be liable under § 1983 if none of its employees has committed a violation of Plaintiff's constitutional rights. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)("If a person has suffered no constitutional injury at the hands of the individual [government] officer, the fact that the departmental regulations might have authorized [unconstitutional action] is quite beside the point."); *Brown v. Lyford*, 243 F.3d 185, 191 n.18 (5th Cir. 2001)(citing Heller's holding "that if no claim is stated against officials-if plaintiff does not show any violation of his constitutional rights-then there exists no liability to pass through to the [city]"); *Rogers v. Nolan County*, No. 1:03-CV-0116, 2004 WL 1698202, *3 (N.D. Tex. July 28, 2004)(same).  The City's liability in this case, therefore, depends on a prior finding of an underlying constitutional violation, in the absence of which "an essential element of municipal liability is missing." *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997). Consequently, because the City Attorney[4] did not violate any of Plaintiff's rights, there is no basis for municipal liability based on any underlying civil rights claim pursuant to § 1983, and the City is entitled to summary judgment in its favor.

---

[4]"A prosecuting attorney 'has great discretion in deciding whether, and which offenses, to prosecute.'" Tex. Att'y Gen. Op. No. GA-0765 (2010) at 1 (citing *United States v. Molina*, 530 F.3d 326, 332 (5th Cir. 2008).

*ii.    There is no evidence any official policy or custom directly caused any violation.*

Plaintiff has no evidence that the particular violations of which she complains were done in accordance to any official policy.  And regardless of the alleged actions of the City's attorney, the City cannot be liable under any theory of *respondeat superior*.  Rather, there must be evidence that a widespread custom was the cause of the violation of Plaintiff's rights.  As shown above, Plaintiff has no evidence of a pattern of similar violations that is sufficient to show the existence of a widespread custom or constructive knowledge of such that may be attributed to the City. *See Gonzalez*, 996 F.2d at 755 ("The distinction between the acts of the municipality and the acts of its employees is preserved–and respondeat superior avoided –through an exacting application of Monell's 'official policy' requirement, which provides that municipality liability under § 1983 attaches where–and only where–a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.") (internal quotations and citations omitted) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 483, 106 S. Ct. 1292 *(1986))question.").*

Plaintiff has no competent summary judgment evidence with which to establish a direct causal link between a particular failure of which the City was aware and the violations she alleges.  For these reasons, Plaintiff has failed to meet her burden of describing the direct relationship of any policy or custom to any alleged underlying deliberate indifference with specific facts rather than her mere conclusory allegations.

G. *The City is entitled to summary judgment because there is no evidence of any constitutionally inadequate City policy*

The bottom line is that the Plaintiff has no evidence that calls into question the constitutionality or adequacy of any of the City's policies.  Plaintiff has alleged, at best, no more

than an isolated incident, which is also insufficient.  Considerably more proof is needed to "establish both the requisite fault on the part of the municipality, and the causal connection between the supposed "policy" and the constitutional deprivation." *Okla. City v. Tuttle*, 471 U.S. 808, 813 (1985); *City of Canton v. Harris*, 489 U.S. 378 (1989).  Because Plaintiff has no evidence of an unconstitutional custom, practice, or policy, the City is entitled to summary judgment.

**VIII.   The Plaintiff's claim for denying a hearing is frivolous, and the City is entitled to attorney's fees.**

Finally, it should be stated that a prevailing §1983 defendant can recover attorney's fees if it can prove that a plaintiff's claim is frivolous or groundless. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) ("a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the Plaintiffs' action was frivolous, unreasonable, and without foundation, even though not brought in subjective bad faith") finding that the Plaintiffs' action was frivolous, unreasonable, and without foundation, even though not brought in subjective bad faith"); *see also Hughes v. Rowe*, 449 U.S. 5 (1980) (adopting same standard for successful § 1983 defendants).  Plaintiff's claim that the City denied her a hearing pursuant to the Code when the Code clearly does not provide for a hearing pursuant to her facts is certainly subject to this rule.

**IX.   Summary Judgment Standard**

Under proper circumstances, awarding summary judgment is favored in the federal courts: "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986) (footnote omitted).

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  The nonmovant must go beyond the pleadings and designate specific facts in the record which show that there is a genuine issue of material fact for trial.  *Id.*.  Some metaphysical doubt as to material facts, conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence will not satisfy the nonmovant's burden.  *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The mere allegation of a factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).  Additionally, summary judgment is mandatory when a party fails to establish the existence of an essential element of his case on which that party will bear the burden of proof at trial.  *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).

Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," the non-movant must come forward with significant probative evidence showing a triable fact issue.  *Celotex Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986); FED. R. CIV. P. 56(E); *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation are not adequate substitutes for specific facts showing that there is a genuine issue for trial.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.2d 1415, 1428 (5th Cir. 1996)(*en banc*); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993). To defeat a properly supported motion for summary judgment, the non-movant must

present more than a mere scintilla of evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  Rather, the non-movant must present sufficient evidence upon which a jury could reasonably find in the non-movant's favor. *Id*. Once a movant meets his burden imposed by Rule 56, he is entitled to summary judgment if the non-movant fails to set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir. 1992) cert. denied, 506 U.S. 825 (1992).

## X.      Conclusion

The applicable jurisprudence clearly expresses that Plaintiff has no constitutional right in the prosecution of another. Even if she did have the constitutional right in the prosecution of another, Plaintiff is not entitled to a hearing pursuant to the Code.  Additionally, Plaintiff cannot produce evidence to establish, or create a genuine issue of material fact, that she was treated differently than another individual similarly situated. Moreover, the Plaintiff has no evidence of an actual final policymaker, that this was more than an isolated incident, or that any alleged final policymaker acted with deliberate indifference. These deficiencies preclude municipal liability. Consequently, the City is entitled to summary judgment with respect to all claims against it.

WHEREFORE, PREMISES CONSIDERED, Defendant the City of Hereford respectfully prays that the Court grant this motion for summary judgment.

Respectfully submitted,

SPROUSE SHRADER SMITH PLLC
Lee Ann Reno, Texas State Bar No. 00791509
Leeann.Reno@sprouselaw.com
Alex L. Yarbrough, Texas State Bar No. 24079615
Alex.Yarbrough@sprouselaw.com
701 S. Taylor, Suite 500
P. O. Box 15008
Amarillo, Texas79105-5008
(806) 468-3300; (806) 373-3454 fax

/s/ Lee Ann Reno
Lee Ann Reno
ATTORNEYS FOR DEFENDANT
CITY OF HERFORD

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 6, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

**ATTORNEY FOR PLAINTIFF:**

JOHNSTON & MILLER
J. Craig Johnston
1212 13th Street, Suite 101
Lubbock, Texas 79401

/s/ Lee Ann Reno
Lee Ann Reno

959697_1