IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| NINA AGUILLON., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF HEREFORD, TEXAS, | ) |
| | ) |
| Defendant. | ) Civil Action No. 2:16-CV-075-C |

### ORDER

On this date, the Court considered Defendant's Motion and Brief in Support for Reconsideration of Summary Judgment, filed January 30, 2017. Plaintiff failed to file a response.

### I.
### BACKGROUND

Plaintiff brings an equal protection claim under 42 U.S.C. § 1983 against Defendant for an alleged violation of her constitutional rights when the Municipal Court for the City of Hereford, Texas, failed to provide a hearing to address Plaintiff's allegations regarding a dangerous dog. More specifically, Plaintiff alleges that Section 822.042(c) of the Texas Health & Safety Code required the hearing to be conducted and the City Attorney for the City of Hereford violated her equal protection rights when the hearing was cancelled without Plaintiff's consent. She further alleges that others who have made complaints against dogs have been granted a hearing and the owner of the dog made to appear and defend against the allegations.

Previously, Defendant filed a motion for summary judgment and Plaintiff filed her response. After considering the arguments and contained in the filings, along with the evidentiary support, the motion for summary judgment was denied. Defendant has filed its Motion for Reconsideration and argues that a clear error of law and manifest injustice exists in the prior ruling denying summary judgment.

## II.
## DISCUSSION

Defendant argues that several grounds exist for the Court to reconsider the prior ruling and grant summary judgment in Defendant's favor. The Court has reviewed not only the Motion for Reconsideration, but also the Motion for Summary Judgment and the Response thereto.

First, Defendant contends that Plaintiff's claim is, in essence, nothing more than a claim that the city prosecutor did not pursue a criminal charge. As aptly argued by Defendant, a prosecutor is not required to pursue a case until they are satisfied they will be able to prove it beyond a reasonable doubt. *See Spence v. State*, 795 S.W.2d 743, 749 (Tex. Crim. App. 1990). A prosecutor may, as was the case in this instance, exercise discretion and choose not to pursue a claim. *See United States v. Lawrence*, 179 F.3d 343, 347 (5th Cir. 1990). Thus, Plaintiff has no cognizable interest in the prosecution of another.

Second, as argued in the Motion for Summary Judgment, it appears that Section 822.042(c) implies that the dog at issue has already been found to be a "dangerous dog" because it further describes that the owner is in violation of Subsection (a) or (b), which speaks of requirements placed upon an owner of a dog determined to be a "dangerous dog." *See* Tex.

Health & Safety Code §§ 822.042(a) and (b).[1] There is no evidence in the record to support that the dog at issue had previously been determined to be a "dangerous dog."[2] To simply allow a citizen who perceives a dog as being a danger to file an application complaining of the dog and thereby pronounce the dog a "dangerous dog" would make a mockery of the statutory purpose the legislature envisioned in enacting the statute. As such, Plaintiff was not entitled to a hearing under the Code and no right could have been violated in the failure to conduct a hearing.

Third, Plaintiff has failed to properly allege an equal protection claim against the Defendant. As argued by Defendant, even assuming that the conduct at issue could possibly meet the burden of stating an equal protection claim, an isolated incident by a municipal employee will almost never trigger municipal liability. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Plaintiff further failed to produce any evidence of an official custom or practice. Likewise, there is no evidence creating a genuine issue of material fact that the city attorney acted with deliberate indifference. At any rate, as discussed above and in Defendant's Motion for Reconsideration, there is no underlying right of which Plaintiff was deprived when

---

[1] The notes that Section 822.042(c) is not the clearest of statutory provisions. However, as argued by Defendant, the provisions does seem to indicate that the dog at issue has already been found to be a "dangerous dog."

[2] Even assuming that the animal control officer set the hearing Plaintiff alleges was cancelled by the City Attorney, there is no evidence before the Court showing that the animal control officer "notif[ied] the owner in writing of the determination." *See* Tex. Health & Safety Code § 822.0421 (a determination that a dog is dangerous can be made by the animal control authority who shall notify the owner in writing of the determination). Neither appendix submitted in conjunction with the motion for summary judgment or Plaintiff's response contained such a written determination by Javier Frausto. Thus, the dog at issue could not have been previously found to be a dangerous dog thereby allowing § 822.042(c) to apply.

the hearing was cancelled by the prosecutor.[3] Thus, Defendant is entitled to summary judgment.

After careful consideration and further review, the Court is of the opinion that Defendant's Motion for Reconsideration should be **GRANTED** for the reasons stated herein, as well as those argued by Defendant in its Motion for Reconsideration and Motion for Summary Judgment.

## IV.
## CONCLUSION

For the reasons stated herein Defendant's Motion for Reconsideration is **GRANTED** and Defendant's Motion for Summary Judgment is **GRANTED** for the reasons argued in Defendant's Brief in Support of Defendant's Motion for Summary Judgment. Plaintiff's sole claim, brought pursuant to 42 U.S.C. § 1983, is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 14th day of August, 2017.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]In considering the arguments, the Court is of the opinion that support exists in the case law of the Fifth Circuit for the proposition that a properly pleaded constitutional violation by an individual is necessary before there can be liability by the entity which employs the individual. *Flores v. County of Hardeman*, 124 F.3d 736, 739 (5th Cir. 1997) ("Because we have held that plaintiffs' § 1983 claims against [the individual defendant] fail, those claims against [the entity] necessarily fail as well.").